COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| | § | No. 08-14-00086-CR |
| | § | |
| | | Appeal from the |
| EX PARTE: HECTOR TORRES. | § | |
| | | 409th District Court |
| | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC# 2014DCV0244) |
| | § | |

# **O P I N I O N**

Hector Torres appeals the trial court's order denying his pretrial writ of habeas corpus. We dismiss finding the appeal is moot.

## **DISCUSSION**

Torres was indicted for possession of child pornography and promotion of child pornography. Voir dire for trial began October 24, 2013. The next day, October 25, defense counsel indicated to the trial judge that Torres was not statutorily competent to stand trial. The trial judge abated proceedings for a competency determination.

At the October 29 hearing, the trial judge stated on the record that the matter of Torres' competency would be referred to competency court, but that the issue of bond remained outstanding. The trial judge then reset a hearing until November 13, 2013. At the November 13

hearing, the trial court heard evidence regarding Torres' medical records and then set a hearing for November 26.

At the November 26 hearing, the trial court revoked Torres' bond, and referred the matter to competency court. On January 31, 2014, the trial court heard Torres' application for writ of habeas corpus. The trial court denied Torres' writ application, and he filed his appeal March 8, 2014.

In December 2014, Torres entered a guilty plea in the underlying criminal case and was sentenced. *See In re Theresa Caballero,* 08-15-00097-CR (Appendix R).

On June 5, 2015, we gave notice of our intent to dismiss the appeal as moot unless Torres filed a response within ten days. No response was received.

## DISCUSSION

In two issues, Torres complains that the trial court abused its discretion in denying his writ of habeas corpus because it had no good cause to revoke his bond. However, the pretrial bond issue is moot because he has been convicted and he is no longer subject to pretrial confinement. "As a general rule, a habeas appeal relating to pre-trial bail is mooted by the subsequent conviction of the defendant because upon his conviction the habeas applicant is no longer being subjected to pre-trial confinement." *Ex parte Victorick,* 453 S.W.3d 5, 9 (Tex.App.--Beaumont 2014, pet. ref'd), *citing, Martinez v. State,* 826 S.W.2d 620, 620 (Tex.Crim.App. 1992). The Court does not have jurisdiction to address a moot issue except in very limited circumstances. Therefore, this appeal is dismissed as moot.

June 17, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

2